Mark J. Rosenberg
Amy B. Goldsmith
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, New York 10018
Telephone: 212-216-8000
Facsimile: 212-216-8001
mrosenberg@tarterkrinsky.com
agoldsmith@tarterkrinsky.com

*Attorneys for Lokai Holdings LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOKAI HOLDINGS LLC,<br><br>                Plaintiff,<br><br>      v.<br><br>TWIN TIGER USA LLC, TWIN TIGER WORLD MARKETS LTD., RORY COPPOCK and TROY COPPOCK,<br><br>                Defendants. | Case No. 15-CV-9363<br><br>**SECOND AMENDED COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Lokai Holdings LLC ("Lokai"), by its attorneys, Tarter Krinsky & Drogin LLP, for its Second Amended Complaint against Defendants Twin Tiger USA LLC, Twin Tiger World Markets Ltd., Rory Coppock and Troy Coppock (collectively, "Defendants") alleges as follows:

**NATURE OF THE ACTION**

1. This action arises under the provisions of the Trademark Act of 1946, 15 U.S.C. §1051 et seq., particularly under 15 U.S.C. § 1125(a) and the common law, and is for trade dress infringement and unfair competition.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338 and 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants are transacting and doing business within this judicial district, are committing the acts complained of herein within this judicial district, have otherwise directed their illegal conduct complained of herein to this judicial district and are subject to the jurisdiction of this Court pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## THE PARTIES

3. Lokai is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 36 East 31st Street, Suite 602, New York, New York.

4. Upon information and belief, defendant Twin Tiger USA LLC ("Tiger USA") is a limited liability company with a place of business at 520 Esplanade, #B, Redondo Beach, California.

5. Upon information and belief, defendant Twin Tiger World Markets Ltd. ("Tiger World Markets") is a limited liability company with a place of business at 520 Esplanade, #B, Redondo Beach, California.

6. Upon information and belief, defendants Rory Coppock and Troy Coppock are individuals who have a place of business in Redondo Beach, California, are the principals and owners of both Tiger USA and Tiger World Markets and direct and control the activities of Tiger USA and Tiger World Markets including the infringing activities alleged herein.

7. Upon information and belief, Defendants regularly do business in this District by, among other things, offering and selling products, including the infringing products alleged

herein, to persons located within this District.

Lokai and Its Business

8. Lokai is a socially responsible lifestyle brand that represents the importance of finding balance along life's journey. Cornell University Cum Laude Graduate, Steven Izen, launched the company in 2013, on the heels of a deeply emotional and transformative experience. Realizing that life is a cycle of highs and lows, he grew to appreciate the importance of remaining both humble and hopeful. The company infuses its trademarked bracelets with elements sourced from the highest and lowest points on Earth - water from Mt. Everest and mud from the Dead Sea. The Lokai lifestyle is devoted to finding balance, sharing success during life's peaks and gaining perspective during lows. Lokai supports this message by donating 10% of their net profits to various charitable organizations.

9. Commencing in 2013, long prior to the acts of the Defendants complained of herein, all of the beaded bracelets offered and sold by Lokai have featured the same distinctive trade dress which includes substantially spherical silicon beads of substantially the same size and color integrated with each other at opposite poles with a single pair of contrasting colored beads diametrically opposed to each other, with one of the contrasting beads embossed with the Lokai teardrop ◉ design mark and a circular cardboard hangtag affixed to the bracelet by an integrated horizontal cardboard looping member (collectively, the "LOKAI Trade Dress") (collectively, the "LOKAI Trade Dress"). Photographs showing the LOKAI Trade Dress are attached hereto as Exhibit 1.

10. The contrasting beads of the LOKAI Trade Dress are intended to represent balance and the cycle of life with the dark bead filled with mud from the Dead Sea, the lowest point on earth, and the light colored bead filled with water from Mount Everest, the highest point

on earth.  Since June 2013, the symbolism embodied by the LOKAI Trade Dress has been described on Lokai's www.myLokai.com website (the "Lokai Website"), which states "[e]ach lokai is infused with elements from the highest and lowest points on Earth. The bracelet's white bead carries water from Mt. Everest, and its black bead contains mud from the Dead Sea. These extreme elements are a reminder to the wearer to live a balanced life – staying humble during life's peaks and hopeful during its lows."  True and correct copies of the relevant portions of the Lokai Website are attached hereto as Exhibit 2.

11. Since May 2013, the symbolism of balance has been prominently featured on the hangtags affixed to bracelets bearing the LOKAI Trade Dress.  These hangtags state in large letters, "FIND YOUR BALANCE."

12. In order to ensure that Lokai's message of balance and charity is not diminished during the sales process, Lokai carefully selects the distributors of its bracelets bearing the LOKAI Trade Dress and avoids those which may adversely affect Lokai's message and reputation.

13. Since being introduced to the public in 2013, sales and the renown of bracelets bearing the LOKAI Trade Dress quickly grew.  By 2014, bracelets bearing the LOKAI Trade Dress enjoyed substantial sales and wide recognition by the purchasing public, the trade and the media.  Among other things, by 2014, Lokai's bracelets bearing the LOKAI trade dress were offered at over 1,000 locations throughout the United States and on the Internet on Lokai's www.myLokai.com website (the "Lokai Website") as well as websites operated by authorized third party distributors, generating many millions of dollars of sales.  In 2014 alone, the Lokai Website and Lokai's LiveLokai Instagram account, both of which feature photographs of bracelets bearing the LOKAI Trade Dress and persons wearing these bracelets had, respectively,

millions of visits and over 300,000 followers; and bracelets bearing the LOKAI Trade Dress were featured in the media including in the Huffington Post, Twist, J-14 and Milkshake. Attached hereto as Exhibits 3-6 are true and correct copies of a representative sample of media mentions featuring the LOKAI Trade Dress in 2014.

14. The rapid success of the Lokai's bracelets bearing the LOKAI Trade Dress continued into 2015, with the bracelets now being distributed at over 2,500 locations throughout the United States and through additional websites, generating many millions of dollars in additional sales. In conjunction with the sales success of Lokai's bracelets bearing the LOKAI Trade Dress came additional public recognition, with millions of additional visits to the Lokai Website, and exponential growth of the number of followers of the LiveLokai Instagram account rising to 500,000 followers in March, 2015, over 1 million followers by September, 2015, and presently over 1.2 million followers. In addition, many more media and social media outlets featured articles describing or displaying bracelets bearing the LOKAI Trade Dress prior to May 2015 including The Wall Street Journal, Self, US, The Daily Mail, Christianity Today, Star, Fox's "Good Day LA," and Kourtney Kardashian's Instagram account, which, at the time had approximately 1.2 million followers. In addition, in 2014 and early 2015, the media and social media featured photographs of celebrities wearing Lokai's bracelets bearing the LOKAI Trade Dress. These celebrities included Justin Bieber, Diane von Furstenberg, Jeremy Piven, Emma Roberts, Zac Efron, Catherine Zeta Jones, Victoria Justice, Ashley Green, Vanessa Hudgens, Bella Thorne and Kris Jenner. Attached hereto as Exhibits 7-12 are true and correct copies of a representative sample of media and social media mentions featuring the LOKAI Trade Dress in early 2015.

15. In addition, in 2014 and 2015, the media and social media featured photographs

of celebrities wearing Lokai's bracelets bearing the LOKAI Trade Dress. These celebrities included Diane von Furstenberg, Jeremy Piven, Emma Roberts, Zac Efron, Catherine Zeta Jones, Victoria Justice, Ashley Green, Vanessa Hudgens, Bella Thorne and Kris Jenner.

16. The quick growth and fame of Lokai and its bracelets bearing the LOKAI trade dress has enabled Lokai to make good on its mission to make substantial donations to charity. These charities have included the Susan G. Komen Foundation, the Word Wildlife Fund, Cure Alzheimer's Fund and Charity:Water.

17. By virtue of the wide renown acquired by the LOKAI Trade Dress, coupled with the extensive distribution and sales of bracelets offered under the LOKAI Trade Dress throughout the United States along with the widespread media and social media presence and advertising of bracelets bearing the LOKAI Trade Dress, the LOKAI Trade Dress, prior to the acts of the Defendants complained of herein, became famous and developed a secondary meaning and significance in the minds of the purchasing public, such that bracelets bearing this trade dress were and continue to be immediately identified by the purchasing public with a single source, namely Lokai.

18. Bracelets bearing the LOKAI Trade Dress are widely recognized by the purchasing public throughout the United States to be of the highest quality, offered and sold under superior customer service conditions. As a result thereof, the LOKAI Trade Dress and the goodwill associated therewith are of inestimable value to Lokai.

Defendants' Unlawful Activities

19. Upon information and belief, in or about mid-2015, two years after Lokai's adoption and commencement of use of the LOKAI Trade Dress and after this trade dress had become famous and acquired secondary meaning, Defendants, in an attempt to piggyback off of

the fame and success of Lokai and its LOKAI Trade Dress, began using unauthorized imitations of the LOKAI Trade Dress in connection with the offering and sale of silicon beaded bracelets.

20. In particular, in or about mid-2015, Defendants, without Lokai's authorization, began offering and selling bracelets constructed of substantially spherical silicon beads of substantially of the same size and color integrated with each other at opposite poles with a single pair of contrasting colored beads diametrically opposed to each other, with one of the contrasting beads embossed with the ankh symbol, ☥ which is also known as the breath of life, and a circular cardboard hangtag affixed to the bracelet by an integrated horizontal cardboard looping member (collectively, the "Infringing Trade Dress").  A true and correct copy of a photograph of Defendants' products, marketed as Life Bracelets, bearing the Infringing Trade Dress, (collectively, the "Infringing Products"), are attached hereto as Exhibit 13.

21. Not satisfied with simply the copying LOKAI Trade Dress, Defendants aped the symbolism of balance and the cycle of life embodied in the LOKAI Trade Dress.  Among other things,

    A. In verbiage paraphrased from the Lokai Website, Defendants, on their website at www.balanceyourlifebracelet.com, ("Defendants' Website"), state "[e]ach Life Bracelet has properties from the highest & lowest points on earth. The grey bead has earth from below sea level. The green bead has water from the mountains. Our life bracelet elements are a reminder to the wearer to be grounded & live a well & balanced life."  A true and correct copy of the relevant portion of Defendants' Website is attached hereto as Exhibit 14.

    B. Some of the hangtags for some of the Infringing Products prominently

        state, "Live a balanced life;" while other hangtags state "Balance Bracelet." (*See* Exhibit 13).

    C.    Until recently, the pages of Defendants' Website, which includes the tag line "balance your life" in its domain name, features pages that are prominently titled, "what's your balance?"; "live a balanced life" and "balance".

22.    Given Defendants (i) use of a design for the Infringing Products that is nearly identical to the LOKAI Trade Dress, (ii) infusion of mud and water from, respectively, the lowest and highest points on earth into the contrasting beads of the Infringing Products, (iii) copying of the balance symbolism embodied by the Lokai bracelets bearing the LOKAI Trade Dress; and (iv) paraphrasing of portions of the Lokai Website, Defendants, upon information and belief, prior to commencing their infringing activities complained of herein knew of Lokai, the LOKAI Trade Dress and Lokai's rights therein.

23.    None of the Defendants have Lokai's consent, written or otherwise, to use the LOKAI Trade Dress.

24.    Upon information and belief, Rory Coppock and Troy Coppock directed Tiger USA and Tiger Marketing to use and display the Infringing Trade Dress including on the Defendants' Website and on the website located at www.twintigerusa.com.

25.    The Infringing Trade Dress is nearly identical to the LOKAI Trade Dress. The Infringing Products offered in connection with the Infringing Trade Dress are identical, related, complementary or similar to bracelets services offered by Lokai under the LOKAI Trade Dress.

26.    Upon information and belief, the Infringing Products are of lesser quality than Lokai's bracelets bearing the LOKAI Trade Dress.

27. This unauthorized use of the Infringing Trade Dress is likely to create and foster the false impression that Defendants' business and the products they offer originate from, are authorized by or affiliated with Lokai.

28. By letter dated May 1, 2015, Lokai put Defendants on notice of their infringing conduct and demanded that they cease and desist from their violation of Lokai's rights in and to the LOKAI Trade Dress. Defendants failed to comply with these demands.

29. Upon information and belief, Defendants selected and decided to use and commenced using the Infringing Trade Dress with knowledge or in reckless disregard of the LOKAI Trade Dress.

30. Defendants' adoption and use of the Infringing Trade Dress was and continues to be without permission or authority of Lokai.

31. Upon information and belief, the Infringing Products are directly competitive with the Lokai's products bearing the LOKAI Trade Dress and are offered and sold to some of the same consumers to whom products bearing the LOKAI Trade Dress are offered and sold.

32. Defendants' use of the Infringing Trade Dress is without permission or authority of Lokai and such use has been and continues to be in a manner that is likely to cause confusion, mistake and to deceive.

33. Defendants' use of the Infringing Trade Dress is likely to lead others to mistakenly believe that bracelets offered in connection with the Infringing Trade Dress originate from or are in some way associated with, sponsored, authorized or endorsed by, or related to Lokai.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Unfair Competition under 15 U.S.C. § 1125(a)**

34. Lokai repeats and realleges the allegations of paragraphs 1 through __ as if fully

set forth herein.

35. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. §1051 et seq., particularly under 15 U.S.C. § 1125(a), and alleges the use in commerce of false designations of origin, false descriptions and false representations.

36. Prior to the acts of the Defendants complained of herein, Lokai extensively marketed, promoted and used the LOKAI Trade Dress throughout the United States to identify its products and to distinguish them from those provided by others. By reason of the distinctiveness of the LOKAI Trade Dress, this trade dress indicates to customers, potential customers and the trade that bracelets bearing the LOKAI Trade Dress are offered and provided by Lokai.

37. As a result of Lokai's marketing, promotion and substantial sales of bracelets bearing the LOKAI Trade Dress, the LOKAI Trade Dress has developed and has a secondary and distinctive meaning to customers, potential customers and the trade so that bracelets bearing this trade dress are known and understood to originate from a single source, namely Lokai.

38. Upon information and belief, Defendants, have used the Infringing Trade Dress with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Lokai and to improperly appropriate Lokai's valuable trade dress rights.

39. Defendants' use and continued use of the Infringing Trade Dress will cause and is likely to cause confusion, mistake or deception in the minds of the trade and purchasing public and create the erroneous impression that Defendants' use of the Infringing Trade Dress and the provision of the Infringing Products under that trade dress are authorized, endorsed, sponsored, authorized or approved by Lokai or, alternatively, that the offering of bracelets bearing the

LOKAI Trade Dress are provided, authorized, endorsed, sponsored, authorized or approved by Defendants.

40. Defendants' use of the Infringing Trade Dress constitutes a use in interstate commerce of a false designation of origin and a false and misleading description and representation of goods in commerce, with knowledge of the falsity, which has and is likely to cause confusion, mistake and deception and a use in commercial advertising and promotion which misrepresents the nature, characteristics, qualities and origin of the Defendants' goods and commercial activities, all within the meaning and in violation of 15 U.S.C. § 1125(a).

41. Defendants' use and continued use of the Infringing Trade Dress is causing and, unless enjoined, will continue to cause irreparable harm and damage to Lokai and its business, reputation and goodwill and has caused Lokai to suffer monetary damages in an amount not thus far determined.

42. Unless restrained and enjoined, the Defendants' aforesaid acts will cause Lokai irreparable harm and damage for which there is no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
### Common Law Unfair Competition

43. Lokai repeats and realleges the allegations contained in Paragraphs 1-__ as if fully set forth herein.

44. This claim arises under the common law of this District relating to trade dress infringement and unfair competition.

45. As more fully set forth above, the LOKAI Trade Dress has come to have a secondary meaning indicative of origin, relationship, authorization, sponsorship and/or association with Lokai. As a result, the purchasing public and the trade are likely to attribute to Lokai Defendants' use of the Infringing Trade Dress as a source of origin, authorization and/or

sponsorship of Defendants' products, and therefore, to purchase Defendants' products based on that erroneous belief or, alternatively, attribute to Defendants the authorized use of the LOKAI Trade Dress as a source of origin, authorization and/or sponsorship of Lokai's goods, and therefore, to purchase Lokai's goods based on that mistaken belief.

46.   Upon information and belief, Defendants intentionally appropriated the LOKAI Trade Dress and the goodwill associated therewith with the intent of causing confusion, mistake, and deception as to the source of origin, relationship, sponsorship, and/or association of Defendants' goods, and with the intent to palm off its goods as those of Lokai, and, as such, Defendants has committed unfair competition under the common law.

47.   The Defendants' use and continued use of the LOKAI Trade Dress has caused, is causing and, unless enjoined, will continue to cause irreparable harm and damage to Lokai and its business, reputation and goodwill and has caused Lokai to suffer monetary damages in an amount not thus far determined.

48.   By reason of such infringement, unfair competition and misappropriation and by Defendants' promotion and offering of the Infringing Products bearing the Infringing Trade Dress, Defendants have caused, and unless restrained and enjoined will continue to cause, irreparable injury to Lokai's reputation and goodwill and otherwise damage Lokai in an amount not thus far determined.

49.   Defendants' conduct in intentionally misappropriating Lokai's goodwill and engaging in unfair competition was intended to wrongfully enrich Defendants and to deliberately and willfully injure Lokai in wanton disregard of Lokai's rights and Defendants' legal obligations.  Lokai is therefore entitled to an award of punitive damages in an amount of no less than $10,000,000.

50. Unless restrained and enjoined, Defendants' continuing acts of infringement and unfair competition will cause irreparable harm and damage to Lokai for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Lokai respectfully request that this Court enter a judgment against the Defendants as follows:

    A.    That Defendants and their officers, directors, partners, employees, agents, servants and attorneys and those persons in active concert or participation with them be preliminarily and permanently enjoined from:

        1.    Using the Infringing Trade Dress, the LOKAI Trade Dress or any colorable imitation thereof in connection with the offering, selling, advertising or promoting the sale of any goods or services or from otherwise using the LOKAI Trade Dress or any marks confusingly similar thereto;

        2.    Infringing the LOKAI Trade Dress;

        3.    Unfairly competing with Lokai; and

        4.    Using in connection with the sale of any goods or services or the dissemination or distribution of advertising, promotional or marketing materials, a false or misleading description or representation including words or other symbols tending to deceive or cause confusion with Lokai or the LOKAI Trade Dress;

    B.    That Defendants be required to account to Lokai for all profits resulting from Defendants' infringing activities and unfair competition and that

such award of profits to Lokai be increased by the Court as provided for under 15 U.S.C. § 1117(b);

C. That Lokai have a recovery from Defendants of all damages sustained by Lokai resulting from Defendants' infringing activities and unfair competition;

D. That Lokai have a recovery from Defendants of the costs of this action and Lokai's reasonable counsel fees pursuant to 15 U.S.C. § 1117;

E. That Defendants be ordered to deliver up to Lokai for destruction the Infringing Products, signs, labels, stickers, prints, packages, wrappers, receptacles, advertisements and other written or printed material in their possession, custody or control which bear LOKAI Trade Dress, alone or in combination with any other words, marks or other elements; and

F. That Lokai have all other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
December 1, 2015

TARTER KRINSKY & DROGIN LLP


By: /s/ Mark J. Rosenberg
Mark J. Rosenberg
Amy B. Goldsmith

1350 Broadway
New York, New York 10018
(212) 216-8000
mrosenberg@tarterkrinsky.com
agoldsmith@tarterkrinsky.com