

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Joel H. Rosner**
212-216-1187 Direct Dial
jrosner@tarterkrinsky.com

April 25, 2017

<u>Via ECF</u>

Hon. Debra Freeman, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Courtroom 17A
New York, NY 10007

    Re: *Lokai Holdings LLC v. Twin Tiger USA LLC et al.*
       No. 15-cv-09363 (ALC) (DCF)

Dear Judge Freeman:

  We represent Lokai Holdings LLC ("Lokai") in the above-entitled action.

  Yesterday, Steven Izen, CEO of Lokai, walked into the deposition room, well prepared for three hours of additional questions from Defendants' counsel Scott Shaw. That is not what happened. In a repeat of the first deposition of Mr. Izen, Mr. Shaw ended the deposition by theatrically storming out *again*—this time, after only **twelve** minutes, mostly comprised of badgering and harassing Mr. Izen. Lokai therefore moves for a protective order preventing Mr. Shaw from pulling this stunt for a third time and requests sanctions against Defendants and their counsel in the form of Lokai's attorneys' fees for the preparation of Mr. Izen, Lokai's time traveling to and attending the terminated deposition, and for bringing this motion. Mr. Shaw's abuse of the Court's directions cannot continue.

  The rough transcript from the deposition yesterday is attached to this letter motion as Exhibit A.[1] It speaks for itself. Mr. Shaw's purpose was not to ask well-crafted questions, eliciting substantive responses. This was nothing less than a set-up, an intentional waste of Lokai's and its counsel's time, a charade that Defendants' counsel engaged in to create a pretext for allowing Mr. Shaw a forum to put forth the scurrilous allegations in the letter he filed yesterday. We note that, in direct disregard of the Court's request that the parties call the Court to resolve their dispute over the deposition, Mr. Shaw not only abruptly and unilaterally terminated the deposition, he filed yesterday's letter mischaracterizing the events leading up to the end of the deposition. (Hours before his letter was filed, Lokai reminded Mr. Shaw of the Court's request to resolve all disputes with the Court's assistance should they arise, but Mr. Shaw chose his course of action instead.)

---

[1] Lokai has requested a copy of the video that was taken of the deposition, and can provide the video to the Court upon request. Lokai urges the Court to review the video, which will provide a more detailed record of the proceedings than can the transcript, including such matters as counsel's tone of voice during the deposition.

Shaw's Egregious Conduct

At the deposition, Mr. Shaw, who had directed Lokai's witness to prepare to testify concerning the more than 9,000 pages produced by Lokai in discovery, arrived apparently without any document exhibits. (No potential exhibits were visible, and despite the limited time available for the deposition, Defendants' counsel did not pre-mark any documents as exhibits, which is the usual practice before a deposition.) Counsel was belligerent and combative from the start of the deposition, yelling and jabbing at Lokai's witness, even after the witness asked Mr. Shaw to lower his voice. (Ex. A, 314:24-315:2.) And when the undersigned made an objection that Defendants' counsel disliked,[2] he implicitly threatened Lokai's witness with the consequences of adhering to his counsel's objection, and refused to make any effort to resolve the objection in a professional and rational manner. (Ex. A, 323:15-324:6.) When we last discussed the issue with the Court, we had been directed to call chambers to resolve any disputes. We asked Mr. Shaw to call the Court during the deposition, but he refused. (Ex. A, 325:11-19.) Instead, as mentioned above, Mr. Shaw consciously and deliberately chose to go AWOL and desert his own deposition—exactly what he had done to end the previous deposition of Mr. Izen.

An attorney with a legitimate interest in completing a deposition in good faith, when confronted with a purportedly invalid objection at a deposition, has many viable options: she can try to cure the objection, move on to a new question, mark the objection for a later ruling, or call the court for an immediate ruling. Attorneys acting in good faith, in fact, tend to try multiple options at the same time in an effort to use the parties' time efficiently, wisely, and constructively. It is utterly irrational and unprofessional to refuse to attempt even one of those options—only minutes into a deposition. Moreover, Mr. Shaw's conduct is in flat disregard of the Court's repeated directive during the parties' conference on February 8 regarding the continuation of Mr. Izen's deposition (after the last time Mr. Shaw walked out of his own deposition), that the parties call the Court during the deposition to resolve any disputes. (The pertinent portions of the transcript of the February 8 conference are attached as Exhibit B.) Had Mr. Shaw followed the Court's directive and called the Court to resolve his dispute of Lokai's objection, the matter would have been resolved and the deposition could have proceeded. The only rational explanation for Mr. Shaw's refusal to make any effort to resolve the dispute is that he was not interested in resolving it, but rather his true purpose was to waste Lokai's time and money, and to create a pretext for his motion to compel. The Court should not reward such behavior.

---

[2] Although the validity of the objection made by the undersigned is beside the point, as the real issue is Mr. Shaw's highly inappropriate conduct, the objection was properly made. Mr. Shaw's questions about the manner in which Lokai's counsel had prepared Mr. Izen for a deposition, including the specific attorneys with whom he met, appeared to have no purpose except to elicit information about Lokai's trial and deposition strategy. Mr. Shaw's letter of yesterday bears out that purpose, as he candidly states that his intent was to explore Lokai's attorney-client communications. In any event, the undersigned's objection was proper, as such questions improperly seek privileged information. *See Bercow v. Kidder Peabody & Co.*, 39 F.R.D. 357, 358 (S.D.N.Y. 1965) (court denied plaintiff's motion for an order directing defendants to answer questions regarding deposition preparation, including with whom the defendant talked about the deposition, on the ground that the questions "represent[ed] an indirect attempt to ascertain the manner in which an adversary is preparing for trial").

Hon. Debra Freeman, U.S.M.J.
April 25, 2017
Page 3 of 4

Overbroad Deposition Topics

It is also apparent that Defendants' counsel's conduct before the deposition was planned to lead up to yesterday's show. On Thursday, April 20, *two business days* before the deposition, counsel designated a wildly unrealistic set of deposition topics for the witness to prepare. Defendants' counsel had been instructed by the Court, during the February 8 conference, to designate the topics for yesterday's deposition, but chose not to do that until the last minute, and only after the undersigned demanded it. Initially, Defendants' counsel designated 24 broad topics, one of which had subparts, even though that would give Defendants' counsel 7.5 minutes to cover each topic during the three-hour deposition. Moreover, many of the topics were repeats from the previous Rule 30(b)(6) deposition of Mr. Izen, even though Defendants' counsel obtained this second deposition only by representing to the Court that *he would not repeat questions* from the first deposition. When the undersigned pointed out that there was no way for Defendants' counsel to seriously question Lokai's witness on all 24 topics, Mr. Shaw immediately agreed to narrow the topics list, but then removed only five topics, leaving 19 broad topics, one of which had subparts, and one of which simply identified all of the documents that Lokai has produced in this action, currently more than 9,000 pages. Mr. Shaw refused to narrow the designated topics any further, and he also refused to identify any of the thousands of pages of documents that would be the subject of questioning, something the Court had strongly recommended on February 8 that he do. Defendants' counsel also insisted that he would only need two hours to conduct the deposition although that meant he could only spend six minutes on each of the 19 topics. Obviously, Defendants' counsel had no intention on spending only six minutes on topics of central importance to Defendants' claims and defenses.[3] Rather, the plain intent of counsel's overly broad deposition notice was to force Lokai to waste time preparing its witness on topics that would not be the subject of the deposition.

An Abusive Pattern Continues

Defendants' counsel's disregard of the Court's directive about how to resolve disputes during the deposition is in keeping with Defendants' general and repeated disregard of this Court's directives and legal requirements. Notably, that includes Defendants' flouting of another directive this Court issued during the February 8 conference: not to file their Answer and Counterclaims until *after* the Court resolved Lokai's objection that leave was required for the filing. Despite the clear procedure established by the Court for resolving that objection, Defendants' counsel simply ignored the Court and filed its Answer and Counterclaims the next morning. Defendants' disregard is also exemplified by their admitted document destruction (which continued well after this case had started) and, recently, counsel's filing of a motion to compel Lokai's discovery responses before having made the required good-faith efforts to resolve the dispute.

---

[3] In addition to the 9,000+ pages of documents, some of the other designated topics, which Mr. Shaw proposed to cover in six minutes apiece, are: Lokai's sales and profits, the development of Lokai's trade dress and the evidence that it has acquired secondary meaning, Lokai's damages as a result of Defendants' infringement, all of Lokai's discovery responses, and Lokai's advertising and promotional efforts that are the subject of four of Defendants' counterclaims.

Hon. Debra Freeman, U.S.M.J.
April 25, 2017
Page 4 of 4

  Each time, Defendants have not suffered any consequences for their disregard of the Court's directives and suggestions. (Indeed, Lokai's motion for sanctions based on Defendants' document destruction remains pending.) To the contrary, it is Lokai that has been forced to delay its case and needlessly incur expense in order to accommodate Defendants' conduct. Now, *for the second time*, Defendants' counsel has abandoned his own Rule 30(b)(6) deposition without making any effort to resolve disputes. Enough is enough. Defendants are not entitled to three attempts at wasting Lokai's time. As a matter of simple fairness to Lokai, Defendants should be barred from any further Rule 30(b)(6) depositions and should be required to compensate Lokai for the attorney's fees it incurred in preparing for and appearing at Defendants' deposition and for the fees it incurs in bringing this motion.

  Finally, Lokai has requested a follow-up conference with the Court to address the parties' discovery motions as the previous conference on April 17 ended before the parties could address all of their issues. Defendants' counsel has ignored that request, although that conference is required, among other reasons, in order to dispel the notion that statements made by other persons in the course of irrelevant trademark applications have any bearing on Steven Izen's credibility. Not only are those trademark applications not at issue in this action, which is not based on a registered trademark, but Mr. Izen made no statements during the course of those applications that can be controverted by anything in the proposed discovery. A conference also must be held to address Lokai's request that its general counsel be permitted to review Defendants' document production and deposition testimony, which have baselessly been designated as highly confidential. Defendants have rejected Lokai's request without explanation.

  There is no need to otherwise address Defendants' false and unsupported contentions about Lokai's conduct except to say that Lokai utterly rejects them.

           Respectfully,

           s/ Joel H. Rosner

           Joel H. Rosner