

LAWYERS

610 NEWPORT CENTER DRIVE, SUITE 700
NEWPORT BEACH, CALIFORNIA 92660

TELEPHONE  949.717.3000
FACSIMILE   949.717.3100

CALLJENSEN.COM

April 27, 2017

OUR FILE NUMBER
TWI02-02

**BY CM/ECF**

Hon. Debra Freeman
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312
freemannysdchambers@nysd.uscourts.gov

   Re: *Lokai Holdings, LLC v. Twin Tiger USA LLC et al.*
      U.S.D.C. Case No. 15-cv-09363 (ALC)
      <u>Defendants' Response to Letter Motion Seeking Protective Order and Sanctions</u>

Dear Magistrate Judge Freeman:

  I write on behalf of myself and Defendants Twin Tiger USA, LLC ("Twin Tiger"), Twin Tiger World Markets, Ltd. ("TTWM"), Rory Coppock, and Troy Coppock (together, "Defendants") in response to the letter motion filed by Plaintiff on April 25, 2017 (ECF No. 138). Plaintiff's letter accuses me of "theatrically storming out" of a deposition, "badgering and harassing" a witness, and "pulling [a] stunt." These unflattering personal attacks are unwarranted and uncalled for. I am not interested in more finger-pointing, and I am frankly disheartened that this case appears to have become more focused on gamesmanship than on uncovering the truth. Nevertheless, because it appears that Plaintiff's counsel is intent on attacking my character and damaging my reputation, I feel I have no choice but to set the record straight. Plaintiff's counsel's conduct in this case has been egregious, to put it mildly. They fight on every minor detail, refuse to play by the rules, and have grossly and unnecessarily increased the cost of this litigation. Rather than issuing a protective order, this Court should either order that the deposition be completed under court supervision, or appoint a discovery referee to supervise the deposition.

  To be clear, my goal is not to harm Plaintiff or waste anyone's time. I simply want to complete discovery and prepare this case for summary judgment and trial. Defendants should be

Hon. Debra Freeman
United States District Court
April 27, 2017
Page 2

able to get actual responses to written discovery requests—rather than mere boilerplate objections and refusals to comply. I should be able to examine a witness at a deposition without having to field argumentative objections from multiple attorneys, and instructions to the witness not to answer simple questions that clearly do not seek non-privileged information. I should also be able to ask questions of a witness who is prepared to give straightforward answers to simple questions in good faith. Unfortunately, that has not been the case here. In fact, several months ago I extended an "olive branch" to Plaintiff's counsel in an attempt to reset the tone of the litigation and turn the focus away from personal attacks and back to the important issues. Unfortunately, since that time Plaintiff's counsel's tactics have only gotten worse—not better.

The Deposition

Contrary to Plaintiff's accusation, I did not concoct a petty scheme to waste Plaintiff's time by scheduling a deposition just to "storm out" of it. I came to the deposition prepared to ask questions, and expecting to get answers. However, Mr. Izen refused to answer my first substantive question (whether he had looked for the customer complaint emails he had referred to in his first deposition). When I pressed him for an answer, both Ms. Goldsmith and Mr. Rosner asserted objections, which led to an extended colloquy. When I finally was able to get a responsive answer ("I don't remember"), I moved on to the next question only to be faced with more of the same: evasive responses and arguments from counsel. Within a few minutes, Plaintiffs' counsel instructed the witness not to answer a question based on a privilege objection, even though I had specifically cautioned the witness not to disclose the content of any privileged communications. This was the exact thing that you had previously instructed Plaintiff's counsel not to do. At that point I adjourned the deposition because it was clear to me that either Plaintiff's witness or his counsel (or both) were intent on frustrating the examination, and that the only chance I had of completing the deposition without obstruction and waste of time was to ask this Court to provide direct supervision of the examination. I did not believe calling the Court for a ruling would be effective because it appeared Plaintiff's counsel's plan was to "run out the clock" with frivolous objections interspersed with telephone calls to the Court.

Far from trying to waste Mr. Izen and his counsel's time, I was and am frustrated that they wasted my time by impeding the examination. I am confident that after reviewing the rough transcript you will agree that the witness was evasive and that Plaintiff's counsel's speaking objections and instructions not to answer were improper. As a result, and as a last resort, I am now seeking this Court's hands-on assistance so we can complete discovery and move forward with the case. Since I know your time is precious and limited, another option would be to appoint a discovery referee to oversee any remaining depositions to be completed.

The Deposition Notice

Plaintiff accuses me of designating overbroad topics, and of expecting Plaintiff's witness to familiarize himself with over 9,000 pages of documents. The letter mischaracterizes the deposition notice. Because this was a continued deposition, I primarily listed the topics from the original deposition notice that had not been fully explored in the first deposition. With respect to the few categories for which a more detailed description was appropriate, I added those details. I did not expect to spend an equal amount of time on each topic, nor did I expect Mr. Izen to

Hon. Debra Freeman
United States District Court
April 27, 2017
Page 3

review the Plaintiff's entire document production in advance of the deposition. Rather, I expected Mr. Izen to quickly refresh his previous preparation with respect to the topics that were unchanged, and to gather any new information for the categories for which a more detailed description had been provided. Plaintiff's counsel does not assert that Mr. Izen actually did familiarize himself with the entire document production, or that he spent an inordinate amount of time going over the same information for which he had previously been prepared to testify.

Court Supervision Has Become Necessary

Mr. Rosner's letter refuses to accept responsibility for his obstructionist conduct, asserting briefly in a footnote that the validity of his instruction not to answer is "beside the point."[1] Rather, he tries to redirect the Court's attention by dredging up prior disputes that have no bearing on the current issue. Contrary to Mr. Rosner's characterization, you did not direct Defendants to refrain from filing their Answer and Counterclaims in the conference on February 8. Likewise, Plaintiff's counsel's accusations regarding document destruction have gone nowhere, and their claim that Defendants failed to make a good faith effort to resolve the most recent dispute regarding Plaintiff's outright refusal to comply with written discovery is without basis.

I do not ask this Court to assume that I or my clients are perfect. Everyone makes mistakes, and in my "olive branch" email to Plaintiff's counsel, I acknowledged that both sides needed to work together to get the case back on track toward resolution. Of course I don't believe I am to blame for the total breakdown in cooperation that has occurred recently; it appears Plaintiff's counsel is aware that the information we are seeking is extremely damaging to their case, and they are now stonewalling every effort to obtain it. But even if I have a share of responsibility in the problems we are facing, direct court supervision or appointment of a discovery referee will govern all parties. It will encourage both sides to conduct themselves in accordance with the rules, and it will discourage both sides from making unwarranted objections

---

[1] The question at issue did not seek privileged information. It is well established that it is the content of a communication that may be privileged—not the identity of the parties to the communication. Indeed, disclosure of the parties' identities is required by Local Civil Rule 26.2(a)(2)(B) (requiring with respect to oral communications disclosure of "the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication"). The case cited by Plaintiff, *Bercow v. Kidder Peabody & Co.*, 39 F.R.D. 357, 358 (S.D.N.Y. 1965), does not support Plaintiff's counsel's instruction not to answer my question. In that case, the district judge stated without explanation that certain questions represented "an indirect attempt to ascertain the manner in which an adversary is preparing for trial." *Id.* Here, on the other hand, my purpose in asking Mr. Izen to identify who he met with to prepare for the deposition was not to obtain Plaintiff's trial strategy. It was to determine whether his preparation was adequate. In particular, I intended to examine Mr. Izen regarding the non-privileged factual information he provided to Lokai's attorneys, David Perry and Ronald Bienstock, in connection with sworn statements they submitted to the Trademark Office. Whether Mr. Izen met with those attorneys before his deposition would have revealed information about whether he was prepared to testify regarding that issue.

Hon. Debra Freeman
United States District Court
April 27, 2017
Page 4

and/or seeking improper discovery. Discovery is designed to allow all parties to obtain the information and documents they need to prosecute and defend their claims and defenses. No matter how hard Plaintiff's counsel tries to avoid or delay disclosing relevant information and documents, or to obstruct Defendants' access to relevant testimony, the rules permitting that discovery will prevail. I urge you to step into the ring and see for yourself what is happening.

It is truly remarkable the lengths to which Plaintiff's counsel have gone to obstruct Defendants' access to relevant, non-privileged information. Ever since I notified Plaintiff's counsel of Defendants' intent to file counter-claims for unfair competition, Plaintiff has stonewalled discovery and engaged in gamesmanship. Most recently, Plaintiff even completely abandoned what should arguably have been its strongest claim.[2] The list of Plaintiff's counsel's attempts to frustrate discovery is long, but for purposes of this current dispute, we can start with the following:

1. Plaintiff's counsel delayed the deposition of Steven Izen, and then used that delay to make procedural arguments against Defendants' counterclaims. [See ECF No. 94, Declaration of Scott P. Shaw].

2. Plaintiff's counsel failed to prepare its witness to testify in accordance with Rule 30(b)(6). [See ECF No. 99, Defs' Letter Mot. For Pre-Motion Discovery Conf.]

3. Plaintiff's counsel made improper objections and instructed the witness not to answer questions in the first deposition. [See ECF No. 99, Defs' Letter Mot. For Pre-Motion Discovery Conf.]

4. Plaintiff's counsel refused to comply with the Court's order to turn over relevant non-privileged communications. [See ECF No. 130, Defs' Request for In Camera Review].

5. Plaintiff's counsel delayed scheduling the continued deposition of Steven Izen. (the Court ordered a continued deposition on February 8, 2017, but Mr. Izen was purportedly unavailable until April 24, 2017).

6. Plaintiff's counsel refused to comply with written discovery. [See ECF No. 134, Defs' Request for Informal Pre-Motion Discovery Conference].

7. Plaintiff's counsel engaged in improper conduct during the second deposition. [See ECF No. 138-1 Rough Transcript of Deposition of Steven Izen]

In short, Defendants only want the truth. But in order to obtain the truth, Defendants need Plaintiff and its counsel to cooperate in discovery and follow the Federal Rules of Civil Procedure in good faith. Not everything needs to be a fight. We can be adversaries without being hostile. Unfortunately, it appears this is one of those rare cases where direct supervision has become necessary. Therefore, Defendants respectfully but strongly recommend that this Court

---

[2] Plaintiff's claim for patent infringement was the only claim that had the benefit of a government agency's official recognition that Plaintiff has a claim to intellectual property rights.

Hon. Debra Freeman
United States District Court
April 27, 2017
Page 5

either order Steven Izen to testify for the remainder of his deposition under court supervision, or appoint a discovery referee to supervise the deposition. I am very confident that Plaintiff's counsel's behavior will change for the better if there is more direct oversight.

                    Very truly yours,

                    Scott P. Shaw
                    For Call & Jensen
                    A Professional Corporation

SPS:kd