UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

LOKAI HOLDINGS LLC,

                      Plaintiff,

    -against-

TWIN TIGER USA LLC, ET AL.,

                      Defendants.

------------------------------------------------------------- X

15-CV-9363 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., District Judge:**

    Lokai Holdings LLC ("Lokai," "Plaintiff," or "Counter-Defendant") brings this action for trade dress infringement, unfair competition, and false advertising against Defendants Twin Tiger USA LLC, Twin Tiger World Markets Ltd., Rory Coppock, and Troy Coppock (collectively, "Defendants," "Twin Tiger," or "Counter-Plaintiffs"). Twin Tiger, in turn, has asserted various affirmative defenses and counterclaims, alleging that Lokai has engaged in false advertising and unfair competition and has tortiously interfered with Twin Tiger's contractual and business relationships. Before the Court are Lokai's motions to dismiss certain counterclaims and to strike an affirmative defense. Specifically, Lokai seeks to dismiss Twin Tiger's false advertising, unfair competition, tortious interference, and attorney's fees claims under Fed. R. Civ. P. 12(b)(6) and to strike Twin Tiger's second affirmative defense of unclean hands under Fed. R. Civ. P. 12(f). For the reasons that follow, Lokai's motion to dismiss is GRANTED, and its motion to strike is also GRANTED.

## BACKGROUND

    Lokai is a socially responsible lifestyle brand company that sells bracelets. Sixth Amended Complaint ("SAC") ¶ 11. Lokai's beaded bracelets "have featured the same

1

distinctive trade dress which includes substantially spherical silicone beads of substantially the same size and color integrated with each other at opposite poles with a single pair of contrasting colored beads diametrically opposed to each other." *Id.* ¶ 12. According to Lokai, the contrasting beads of its bracelets are intended to represent balance and the cycle of life with the dark bead filled with mud from the Dead Sea, the lowest point on earth, and the light colored bead filled with water from Mount Everest, the highest point on earth. *Id.* ¶ 13.

The Complaint alleges that in 2015 Twin Tiger began selling "unauthorized imitations" of Lokai's bracelets, marketing them as Life Bracelets. *Id.* ¶¶ 21-22. On that basis, Lokai filed suit on November 30, 2015. Lokai asserts claims for unfair competition and false advertising under the Trademark Act, California law, and the common law against Twin Tiger, alleging that they have infringed on its trade dress by selling confusingly similar bracelets and engaged in unfair competition and false advertising by making false claims in their promotional efforts that their bracelets contain "earth from below sea level" and "water from the mountains." After numerous amendments, Lokai filed its Sixth Amended Complaint on June 5, 2017.

Twin Tiger responded by filing on June 7, 2017 its Answer, Affirmative Defenses, and Counterclaims (the "Answer," "Affirmative Defenses," and "Counterclaims"). The first set of counterclaims that Lokai seeks to dismiss are the false advertising and unfair competition counterclaims (3rd, 4th, 5th, and 6th Counterclaims) under the Lanham Act, California law, and New York law. All four counterclaims rely on the same alleged conduct: (1) Lokai has failed to disclose that the water inserted in its bracelets does not permanently remain there, Counterclaims ¶¶ 20-23; and (2) Lokai has failed to disclose that it compensates various celebrities and influencers in exchange for their efforts to promote Lokai and its products. Counterclaims ¶¶ 28-31.

The second set of counterclaims consists of tortious interference claims: intentional interference with contractual relations (7th Counterclaim), intentional interference with prospective economic relations (8th Counterclaim), and negligent interference with prospective economic relations (9th Counterclaim). The conduct that forms the basis of these claims is that Lokai sent letters to Twin Tiger's customers, including Rue 21 and Five Below, requesting that they cease selling Twin Tiger's bracelets and threatening litigation based on infringement of Lokai's intellectual property rights. Counterclaims ¶¶ 74-75, 81-82, 87-89.

The last counterclaim is a claim for attorney's fees pursuant to 35 U.S.C. § 285 (1st Counterclaim). Counterclaims ¶¶ 1-11. In its Second Amended Complaint, Lokai asserted a claim for design patent infringement under 35 U.S.C. § 271, but this cause of action was voluntarily dropped by Lokai and dismissed with prejudice. *See* Stipulation and Order, ECF No. 155. Twin Tiger alleges that Lokai committed fraud in obtaining a patent and that Lokai's founder Steven Izen committed perjury during the course of discovery in this case, and therefore Twin Tiger is entitled to an award of reasonable attorney's fees. Redundantly, Twin Tiger's prayer for relief includes a request for an award of attorney's fees as the prevailing party with respect to Lokai's patent infringement claim.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A sufficiently pleaded complaint must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* A complaint that merely offers labels and conclusions, a formulaic recitation of the elements, or "'naked assertion[s]' devoid of 'further factual enhancement,'" will not survive a motion to dismiss. *Id.* (quoting *Twombly*, 550 U.S. at 557). The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *City of Pontiac Gen. Emp. Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). "A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Orientview Technologies LLC v. Seven For All Mankind, LLC*, No. 13 Civ. 0538, 2013 WL 4016302, at *2 (S.D.N.Y. Aug. 7, 2013) (internal quotations marks omitted).

## DISCUSSION

### A. False Advertising and Unfair Competition Counterclaims

<u>Lanham Act Counterclaim</u>

Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits both false endorsement, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B). Section 1125(a)(1)(A) prohibits a person from making a false or misleading description or representation of fact which is likely to "deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." Section 1125(a)(1)(A) prohibits false or misleading descriptions or representations of fact "in commercial advertising or promotion" concerning "the nature, characteristics, qualities, or geographic origin of . . . goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1)(B). Twin Tiger challenges two acts or practices by Lokai.[1] First, Twin

---

[1] Lokai argues that Fed. R. Civ. P. 9(b) applies to Twin Tiger's Lanham Act counterclaim and that Twin Tiger has failed to plead that claim in accordance with Rule 9(b). Twin Tiger agrees that the counterclaim, and indeed all its false advertising and unfair competition counterclaims, must be pleaded with particularity. In the Second Circuit, it is unsettled whether the heightened pleading standard of Rule 9(b) applies to Lanham Act claims. *See Sussman-*

4

Tiger alleges that the following statement on Lokai's website is literally false and/or misleading: "Each Lokai is infused with elements from the highest and lowest points on Earth. The white bead carries water from Mt. Everest, and the black bead contains mud from the Dead Sea. These extreme elements are a reminder to the wearer to live a balanced life – staying humble during life's highs and hopeful during its lows" (the "Water Statement claim"). Counterclaims, ¶¶ 20-23. Second, Twin Tiger alleges that Lokai has not disclosed that it has made payments of money and giveaways of free bracelets to celebrities in exchange for their "wear[ing] Lokai product and/or post[ing] about Lokai on social media" (the "Failure to Disclose Compensation claim"). Counterclaims, ¶¶ 29-31. Both of these allegations are insufficient to raise a Lanham Act claim.

To establish false advertising under Section 43(a) of the Lanham Act, the plaintiff (here, counter-plaintiff) must first demonstrate that the statement in the challenged advertisement is false. *Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 255 (2d Cir. 2014). To prove that first element, a plaintiff must show one of two different theories of recovery: the challenged advertisement is (1) literally false or (2) likely to mislead or confuse consumers ("impliedly false"). *See id.* Under either theory, a plaintiff must also demonstrate that the false or misleading representation involved an inherent or material quality of the product. *Id.*

For a statement to be "literally false" or false on its face, it must conflict with reality. *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 229 (2d Cir. 1999). Upon a showing that an advertisement is literally false, consumer deception is presumed and no further inquiry is needed on the advertisement's impact on the public. *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007). Under the "literally false" theory, "the message must be unambiguous; if the representation 'is susceptible to more than one reasonable interpretation, the

---

*Automatic Corp. v. Spa World Corp.*, 15 F. Supp. 3d 258, 265-66 (E.D.N.Y. 2014). The Court does not need to resolve the issue to decide the motion to dismiss.

5

advertisement cannot be literally false,' and the advertisement is actionable only upon a showing of actual consumer confusion." *Merck Eprova AG v. Gnosis S.p.A.*, 901 F. Supp. 2d 436, 450 (S.D.N.Y. 2012) (quoting *Time Warner Cable*, 497 F.3d at 158).

Alternatively, under the "impliedly false" theory, the challenged advertising may not be literally false but "nevertheless likely to mislead or confuse consumers." *Time Warner Cable*, 497 F.3d at 153. "[P]laintiffs alleging an implied falsehood are claiming that a statement, whatever its literal truth, has left an impression on the listener [or viewer] that conflicts with reality"—a claim that "invites a comparison of the impression, rather than the statement, with the truth." *Id.* (quoting *Schering Corp.*, 189 F.3d at 229). Under this theory, a party must demonstrate extrinsic evidence of consumer deception or confusion. *Id.*; *see also Johnson & Johnson * Merck Consumer Pharmaceuticals Co. v. Smithkline Beecham Corp.*, 960 F.2d 294, 297 (2d Cir. 1992).

*Water Statement Claim*

Twin Tiger contends that the Water Statement claim is "literally false and/or misleading" because it is likely to deceive retailers and consumers into believing that "the Lokai bracelet contains water from Mount Everest at the time of purchase, and that it is capable of containing water permanently." Counterclaims, ¶¶ 21, 23-25. When determining whether an advertisement is "literally false," a court "may rely on its own common sense and logic in interpreting the message of the advertisement." *Hertz Corp. v. Avis, Inc.*, 867 F. Supp. 208, 212 (S.D.N.Y. 1994). Twin Tiger argues that the present tense verb phrase "carries water" in the statement clearly indicates that the white bead carries water for all time. However, this is not the only reasonable interpretation of the entire statement. Because the statement "is susceptible to more

6

than one reasonable interpretation, the advertisement cannot be literally false." *See Time Warner Inc.*, 497 F.3d at 158.

The Water Statement claim fares no better under an "impliedly false" theory. At the pleading stage, the plaintiff must allege that consumers or retailers were misled or confused by the challenged advertisement and "*offer facts* to support that claim." *See Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 470 (E.D.N.Y. 2009) (emphasis added); *see also Johnson & Johnson*, 960 F.2d at 298 (for an implied falsehood claim, plaintiff needs to "demonstrate that a statistically significant part of the commercial audience holds the false belief allegedly communicated by the challenged advertisement").[2] Twin Tiger asserts that consumers and retailers purchased Lokai bracelets based upon their false belief, but Twin Tiger offers no facts that show that consumers or retailers believe that the bead permanently holds water within it or that this belief likely influenced their purchasing decisions.[3] Accordingly, the Water Statement claim fails under both theories.

*Failure to Disclose Compensation Claim*

Twin Tiger contends that Lokai's failure to disclose that it compensates certain influencers, celebrities, and media outlets for their endorsement of Lokai products in online and social media advertising is likely to deceive reasonable consumers. The basis for Twin Tiger's contention is that Lokai's nondisclosure violates the Federal Trade Commission's ("FTC") Guidelines. The FTC Guidelines state that "[a]dvertisers are subject to liability for . . . failing to disclose material connections between themselves and their endorsers," 16 C.F.R. § 255.1(d),

---

[2] Plaintiffs usually meet their burden "most often . . . by consumer survey data." *Clorox Co. P.R. v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 36 (1st Cir. 2000). However, the absence of such survey data or other extrinsic evidence attached to or referenced in the complaint is not fatal at the pleading stage. *See Kuklachev*, 600 F. Supp. 2d at 470; *see also Asociacion de Laboratorios Clinicos, Inc. v. Medical Card System, Inc.*, Civil No. 15-1099, 2015 WL 13548474, at *8 (D.P.R. July 24, 2015).

[3] There is a materiality requirement under both theories, *i.e.* the false belief is "likely to influence purchasing decisions." *Apotex Inc. v. Acroda Therapeutics, Inc.*, 823 F.3d 51, 63 (2d Cir. 2016).

7

and "a connection between the endorser and the seller of the advertised product that might materially affect the weight or credibility of the endorsement (i.e., the connection is not reasonably expected by the audience) . . . must be fully disclosed." *Id.* § 255.5.

To the extent that Twin Tiger brings a claim based on Lokai's failure to comply with FTC Guidelines, it is well settled that there is no private right of action under the FTC Act. *See, e.g., Broadspring, Inc. v. Congoo, LLC*, No. 13-CV-1866, 2014 WL 4100615, at *13 n.4 (S.D.N.Y. Aug. 20, 2014). Twin Tiger acknowledges this principle but counters that FTC Guidelines can inform what constitutes false advertising under the Lanham Act. *See Manning Int'l Inc. v. Home Shopping Network, Inc.*, 152 F. Supp. 2d 432, 437 (S.D.N.Y. 2001) ("[P]laintiff may and should rely on FTC guidelines as a basis for asserting false advertising under the Lanham Act."). However, the FTC Guidelines do not assist Twin Tiger because the Lanham Act requires an affirmative misrepresentation or an omission that renders an affirmative statement false or misleading—not a failure to disclose something material. *See Alfred Dunhill Ltd. v. Interstate Cigar Co., Inc.*, 499 F.2d 232, 236-37 (2d Cir. 1974) (refusing to extend § 43(a) of the Lanham Act to require the seller of tobacco merchandise to disclose that the merchandise was potentially damaged by water). [4] As courts have routinely held, the Lanham Act does not impose an affirmative duty of disclosure. *See, e.g., Clark Consulting, Inc. v. Fin. Sols. Partners,*

---

[4] Lokai's argument that *Manning* is not controlling because it flouts the Second Circuit decision in *Alfred Dunhill* is incorrect. *Alfred Dunhill* involved a material omission, not deceptive advertising traditionally understood as affirmative misrepresentation. 400 F.2d at 237; 2 Callmann on Unfair Comp., Tr. & Mono. § 5:3 (4th ed.). In contrast, *Manning* involved the mislabeling of a gemstone product. 152 F. Supp. 2d at 437. Courts have rejected the argument that a party cannot rely on violations of the FTC Act to make a Lanham Act claim because the FTC Act does not confer a private right of action. *See, e.g., Casper Sleep, Inc. v. Mitcham*, 204 F. Supp. 3d 632, 638 (S.D.N.Y. 2016); *Casper Sleep, Inc. v. Derek Hales & Halesopolis LLC*, No. 16-cv-03223, 2016 WL 6561386, at *3 n.4 (S.D.N.Y. Oct. 20, 2016); *cf. Morrow v. Ann*, 16-CV-3340, 2017 WL 363001, at *7 (S.D.N.Y. Jan. 24, 2017) (rejecting argument that FTC Act violation could not be relied upon in asserting a California unfair competition claim). False advertising—*i.e.* making false or misleading statements—is a subset of unfair trade practices. Therefore, the FTC's interpretation of false advertising can and should inform what constitutes false advertising under the Lanham Act. *See B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 973 (7th Cir. 1999) ("[A]s the administrative agency charged with preventing unfair trade practices, the Commission's assessment of what constitutes deceptive advertising commands deference from the judiciary.").

*LLC*, No. 05 Civ. 06296, 2005 WL 3097892, at *3 (S.D.N.Y. Nov. 17, 2005) ("[T]he [Lanham] Act imposes no affirmative duty of disclosure . . . and a claim cannot be based on the failure to disclose a fact."); *McNeilab, Inc. v. Am. Home Prods. Corp.*, 501 F. Supp. 517, 532 (S.D.N.Y. 1980) ("[A] failure to inform consumers of something, even something that they should know, is not per se a misrepresentation actionable under section 43(a) of the Lanham Act."). Accordingly, Lokai's failure to disclose compensation to celebrities and influencers for promoting its products is not actionable under the Lanham Act.

California State Law Counterclaims

Twin Tiger brings two California state law claims: (1) unfair competition or UCL claim and (2) false advertising or FAL claim.[5] Cal. Bus. & Prof. Code. § 17200 prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17500 prohibits "any statement" that is "untrue or misleading" and made with the "intent directly or indirectly to dispose of" property or services.

These claims under the California statutes are governed by the "reasonable consumer" test, under which the complainant "must show that members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)); *see also Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (per curiam) (stating that the complainant must establish that the "allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances"). A showing that a challenged advertisement is likely to

---

[5] Unlike the false advertising Lanham Act claim, Fed R. Civ P. 9(b) applies to the California state claims based on fraud and thus those claims must be pleaded with particularity. *See, e.g., Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-04 (9th Cir. 2003) (holding that Rule 9(b) applied to state law claims under the UCL and the FAL to the extent those claims were based on fraudulent conduct); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir. 2009) (applying Rule 9(b) to claim for unfair competition under Cal. Bus. & Prof. Code. § 17200); *Sensible Foods, LLC v. World Gourmet, Inc.*, No. 11–2819 SC, 2011 WL 5244716, at *7 (N.D. Cal. Nov. 3, 2011) (applying Rule 9(b) to false advertising claim under Cal. Bus. & Prof. Code. § 17500).

9

deceive "requires more than a mere possibility that [the advertisement] might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner . . . [r]ather, the reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (internal quotation marks omitted). "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink*, 714 F.3d at 741.

Under this standard, the Water Statement claim is not actionable under both California statutes. "[I]n determining whether a reasonable consumer could have been misled by a particular advertisement, context is crucial." *Id.* at 741. Therefore, "the presence of a disclaimer or similar clarifying language may defeat a claim of deception." *Id.* Here, the allegedly deceptive statement appears at Lokai's website. Counterclaims ¶ 20. On that same website, albeit not on the same webpage, Lokai disclaims (or arguably clarifies) that the water in its bracelet evaporates over time: "Injected with water sourced by sherpas from the heights of Mt. Everest, the white bead represents life's highest moments . . . *The water may evaporate over time.*" https://support.mylokai.com/hc/enus/articles/231734467-What-s-inside-the-black-and-white-beads-[6] (emphasis added); *see also* Counterclaims ¶ 22. Therefore, Lokai's disclosure on its website makes it unreasonable for any consumer or retailer to believe that water will remain permanently in the bracelet. *See Porras v. StubHub, Inc.*, No. C 12-1225 MMC, 2012 WL 3835073, at *5-6 (N.D. Cal. Sept. 4, 2012) (dismissing FAL and UCL claims based on allegations that defendant misrepresented on its website that the tickets it sold would be "authentic" or "valid for entry" where disclaimer on defendant's website states that tickets may

---

[6] The Court may consider this disclaimer because Twin Tiger expressly incorporates it (and Lokai's website) by reference in the Counterclaims. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016).

be invalid). Because Lokai explicitly discloses that which Twin Tiger alleges was concealed from consumers or retailers is fatal to Twin Tiger's Water Statement claim.

As for the Failure to Disclose Compensation Claim, Twin Tiger has similarly failed to state a claim under both statutes.[7] As the FTC's Guidelines are Twin Tiger's sole basis for alleging a violation of those statutes, the FTC does not provide a right of action, and Twin Tiger cannot engineer one through California law. *See O'Donnell v. Bank of America, Nat'l Ass'n*, 504 Fed. App'x 566, 568 (9th Cir. 2013). More important, outside of conclusory allegations of a violation of the FTC Guidelines, Twin Tiger has not alleged any facts that plausibly raise an inference that the non-disclosure of paid endorsements is likely to lead consumers to believe that the endorsements are unpaid. Accordingly, the fourth and fifth causes of are action are dismissed.

New York State Law Counterclaim

Twin Tiger also brings a counterclaim under New York's General Business Law § 349, which prohibits "[d]eceptive acts or practices in the conduct of any business." G.B.L. § 349. As before, Twin Tiger relies on the Water Statement claim and the Failure to Disclose Compensation claim for the alleged violation of § 349.

As for the Water Statement claim, like with the California claims, the reasonable consumer standard applies to § 349 and thus the deceptive act or statement "must be materially deceptive or misleading to a reasonable consumer acting reasonably under the circumstances." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 675 (E.D.N.Y. 2017) (internal quotation marks omitted); *see also Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007). The Water Statement claim suffers from the same defect as the unfair competition and false

---

[7] The California false advertising statute, the FAL, involves making affirmative misrepresentations. Thus, Twin Tiger's nondisclosure claim would also fail to state a claim on that basis as well.

11

advertising claims under California law. *See Nelson*, 246 F. Supp. 3d at 676-77 (dismissing G.B.L. §§ 349 and 350 claims alleging that images of kangaroo, Southern Cross constellation, and allusion to beer company's historic roots in Australia mislead consumers in believing that the beer was brewed in Australia where there was a disclosure statement in close proximity stating that the beer was brewed in Texas and Georgia).

Twin Tiger's other Failure to Disclose Compensation claim fares no better.[8] In order to bring a claim under § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Nick's Garage, Inc. v. Progressive Casualty Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017) (internal quotation marks omitted). "[T]he gravamen of the complaint must be consumer injury or harm to the public interest." *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) (internal quotation marks omitted). In cases of false advertising, at issue here, the harm arising from the advertising must be sufficiently directed or borne by consumers in order to meet the consumer-oriented prong. *See Conopco Inc. v. Wells Enterprises, Inc.*, No. 14 Civ. 2223, 2015 WL 2330115, at *6 (S.D.N.Y. May 13, 2015). In "disputes between competitors where the core of the claim is harm to another business as opposed to consumers," the "public harm . . . is too insubstantial to satisfy the pleading requirements of § 349." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003).

Here, Twin Tiger has not alleged any facts showing how the conduct injured the public interest or that consumers were misled or confused by Lokai's nondisclosure. *See, e.g.*,

---

[8] As for the failure to disclose that celebrities and other endorsers were paid, the FTC regulations are relevant. This is because § 349 is "substantially modeled on the Federal Trade Commission Act." *See, e.g., Casper Sleep, Inc. v. Mitcham*, 204 F. Supp. 3d 632, 644 (S.D.N.Y. 2016) (internal quotations omitted); *New York v. Feldman*, 210 F. Supp. 2d 294, 302 (S.D.N.Y. 2002) (noting that New York courts have largely interpreted "deceptive acts or practices" by looking at the definition of "deceptive acts and practices" under the FTC Act).

*Sotheby's, Inc., v. Minor*, No. 08 Civ. 7694, 2009 WL 3444887, at *6 (S.D.N.Y. Oct. 26, 2009) ("Absent facts from which harm to the public interest can be inferred, conclusory allegations of harm to the public interest do not state a claim under § 349."). The harm being alleged here, although not clear at all in the Counterclaims, is that consumers bought Lokai's bracelets instead of Twin Tiger's bracelets, but this is insufficient to demonstrate an adequate injury to the public. *Conopco Inc.*, 2015 WL 2330115 at *7. The sixth cause of action, too, is dismissed.

### B. Tortious Interference Counterclaims

Twin Tiger brings three tortious interference counterclaims: intentional interference with contractual claims, intentional interference with prospective economic relations, and negligent interference with prospective economic relations. The first two claims are inadequately pleaded based on Twin Tiger's failure to adequately provide sufficient facts on the contracts or business relationships at issue. The third cause of action, negligent interference with prospective economic relations, does not exist and is thus dismissed. *See, e.g., Bishop v. Porter*, No. 02 Civ. 9542, 2003 WL 21032011, at * 12 (S.D.N.Y. May 8, 2003) (listing cases).

First, in order to plead tortious interference with contract, the plaintiff (counter-plaintiff, here) must allege "the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom." *Valley Lane Indus. Co. v. Victoria's Secret Direct Brand Mgmt., LLC*, 455 Fed. App'x 102, 104 (2d Cir. 2012) (quoting *Lama Holding Co. v. Smith Barney,* 88 N.Y.2d 413, 424 (N.Y. 1996)). Merely pleading the existence of a contract is insufficient. *See, e.g., Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 208 (S.D.N.Y. 2008) (dismissing counterclaim that merely alleged that a contractual relationship with a third party existed, but set forth no facts about the

type of contract, whether it was nonexclusive, and whether it was valid). Instead, the plaintiff must provide enough details to allege the existence of a *binding* contract with a third party. *See Valley Lane Indus. Co.*, 455 Fed. App'x at 104 (rejecting allegations that a binding contract existed where the allegations did not include "the formation of the contract, the date it took place, and the contract's major terms"). Here, Twin Tiger specifically identifies only two entities with which it allegedly had contracts with, Rue21 and Five Below, but fails to provide any details about the contracts—such as when they were formed, when they took place, and what the major terms were—or even attach the contracts to the complaint. Twin Tiger thus has not alleged the existence of a binding contract with third parties.

Second, in order to plead tortious interference with business relations or prospective economic relations the plaintiff (counter-plaintiff, here) must allege "(1) the plaintiff had business relations with a third party; (2) the defendant interfered with those business relations; (3) the defendant acted for a wrongful purpose or used dishonest, unfair, or improper means; and (4) the defendant's acts injured the relationship." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 547 F.3d 115, 132 (2d Cir. 2008). As with the tortious interference claim, Twin Tiger fails to provide any specific facts concerning the nature of its respective relationships with Rue21 and Five Below. Accordingly, all of Twin Tiger's tortious interference claims are dismissed.

### C. Counterclaim for Attorney's Fees

Lokai seeks to dismiss the first counterclaim, a cause of action seeking attorney's fees pursuant to 35 U.S.C. § 285. The issue here is whether a request for attorney's fees can be pleaded as a cause of action. Lokai argues that 35 U.S.C. § 285 is a fee shifting provision that does not create a cause of action. Acknowledging that its inclusion of a counterclaim for

attorney's fees was an attempt to preserve the claim,[9] Twin Tiger counters that there is no procedural bar to pleading a counterclaim for attorney's fees. "As a practical matter, the resolution of [Lokai's] motion to dismiss is utterly inconsequential to the substantial rights of the parties." *Great Lakes Intellectual Property Ltd. v. Sakar Intern., Inc.*, No. 1:04-CV-608, 2008 WL 148965, at *4 (W.D. Mich. Jan. 11, 2008). Regardless of the outcome, Twin Tiger retains the right to move for attorney's fees under the statute, and thus a dismissal avails Lokai nothing. *Id.* However, as a legal matter, Lokai has the better of the argument.

§ 285 provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The issue of whether a request for attorney's fees can be pleaded as a counterclaim is not settled in courts. *Compare Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023, 2010 WL 1257803, at *3 (E.D.N.Y. Mar. 26, 2010) (holding that 35 U.S.C. § 285 does not give rise to a cause of action) *with Great Lakes*, 2008 WL 148965 at *4 (holding that a request for attorney's fees can be asserted by motion or counterclaim). Indeed, the Federal Circuit has not directly addressed the issue of whether a request for attorney's fees can be brought as a counterclaim, but did not disallow it. *See H.R. Technologies, Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1386 (Fed. Cir. 2002).

The text of § 285 makes clear that the statute does not give rise to a separate cause of action. A "cause of action" is a situation or state of facts which entitles a party to sustain an action and gives him the right to seek judicial interference on his behalf." *Williams v. Walsh*, 558 F.2d 667, 670 (2d Cir. 1977). The statute here is a "fee-shifting provision." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1753 (2014). Consequently, the statute provides for reasonable attorney's fees to the "prevailing party" in the context of an existing

---

[9] Prior to the filing of the Sixth Amended Complaint, Lokai voluntarily dismissed its patent infringement claim in light of its filing of its Covenant Not to Sue, and Twin Tiger withdrew their claims for declaratory relief.

action or proceeding. Thus, an award of attorney's fees is a remedy that underlies a cause of action, but does not give rise to a separate one. *See, e.g., White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982) (observing that an award for attorney's fees is not compensation for an injury giving rise to an action); *Williams*, 559 F.2d at 671 (noting that a cause of action is "something distinct from the remedy or the relief sought"); *Metropolitan Life Ins. Company v. Sicoli and Massaro Inc.*, 15 Civ. 7141, 2016 WL 5390899, at *3 n.6 (S.D.N.Y. Sept. 26, 2016) ("A request for an award of attorney's fees seeks a remedy; it does not plead a cause of action."). This conclusion is supported by how courts have treated similar fee-shifting provisions such as 42 U.S.C. § 1988. *See, e.g., Carvel v. Franchise Stores Realty Corp.*, 08-CV-8938, 2009 WL 4333652, at *9 (S.D.N.Y. Dec. 1, 2009) ("Section 1988 only grants attorneys' fees to a prevailing party under §§ 1981–83, it does not create an independent cause of action."); *Wilson H. Lee Co. v. New Haven Printing Pressmen Local Union No. 74*, 255 F. Supp. 929 (D. Conn. 1966) (rejecting application for attorney's fee based on a state statute in part because attorney's fee provision in statute was a corollary remedy underlying the state statutory cause of action); *Avigliano v. Sumitomo Shoji America, Inc.*, 473 F. Supp. 506, 514-15 (S.D.N.Y. 1979) (striking counterclaim for attorney's fees based on statutory provision for failure to state a claim and not yet being justiciable without prejudice to making a later application for attorney's fees).

Finally, Fed. R. Civ. P. 54 provides that "[a] claim for attorney's fees . . . *must* be made by motion." Fed. R. Civ. P. 54(d)(2) (emphasis added). Accordingly, Twin Tiger is free to make an application for such fees at the conclusion of this case, and indeed has included a request for attorney's fees in their prayer for relief. The first counterclaim for attorney's fees is dismissed.

### D. Motion to Strike Unclean Hands Affirmative Defense

Lokai seeks pursuant to Fed. R. Civ. P 12(f) to strike Twin Tiger's second affirmative defense of unclean hands. Twin Tiger argues that this defense bars Lokai from seeking equitable and monetary relief from Defendants for their unfair competition, trade dress infringement, and false advertising claims. Affirmative Defenses ¶ 2. As a threshold matter, Twin Tiger's affirmative defense of unclean hands would only apply to Lokai's equitable claim for injunctive relief. *See Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 607 (2d Cir. 2005) (dismissing unclean hands defense where asserted against claims for damages).

Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike serve "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Sun Microsytems, Inc. v. Versata Enterprises, Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)). These motions are generally disfavored and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *overruled on other grounds by Salcer v. Envicon Equities Corp.*, 478 U.S. 1015 (1986). The test for striking an affirmative defense is three-pronged: "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *Colonial Funding Network v. Epazz, Inc.*, 252 F. Supp. 3d 274, 288 (S.D.N.Y. 2017). "The burden of additional discovery and increasing the duration and expense of litigation can constitute sufficient prejudice." *Id.* at 287

(quoting *Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901, 2013 WL 6669422, at *2 (S.D.N.Y. Dec. 17, 2013)).

The doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." *Specialty Minerals, Inc. v. Pluess–Staufer AG*, 395 F. Supp. 2d 109, 112 (S.D.N.Y. 2005) (quoting *Precision Instrument Mfg. Co. v. Automotive Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)). The doctrine applies "only where the misconduct alleged as the basis for the defense 'has immediate and necessary relation to the equity that [plaintiff] seeks in respect of the matter in litigation.'" *Id.* (quoting *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 245 (1933)). Both parties dispute the scope of the doctrine. Twin Tiger essentially argues that with respect to claims for false advertising and unfair competition, a plaintiff who is guilty of *any* alleged false advertising or deceptive trade practices cannot obtain equitable relief. Lokai counters that with respect to such claims, a plaintiff who is guilty of allegedly the *same type* of false advertising or deceptive trade practices of which it accuses the opposing party cannot obtain equitable relief. The Court agrees with Lokai.

The doctrine of unclean hands is a narrow one. *Specialty Minerals*, 395 F. Supp. 2d at 112. Alleged violations of any laws "unrelated to the claim in which it is asserted as a defense [do] not constitute unclean hands." *A.H. Emery Co. v. Marcan Products Corp.*, 389 F.2d 11, 18 (2d Cir. 1968) (quoting *Republic Molding Corp. v. B.W. Photo Utilities*, 319 F.2d 347, 349 (9th Cir. 1963)). Thus, "factually similar misconduct alone is [not] sufficient" to create the nexus between the doctrine and the subject matter of the litigation. *Specialty Minerals*, 395 F. Supp. 2d at 112-13. Because misconduct requires an "immediate and necessary relation to the equity that

18

[plaintiff] seeks in respect of the matter in litigation," unclean hands requires that a plaintiff must have engaged in the same behavior it accuses the defendant of conducting. *Id.*

Here, none of the conduct at issue in the Second Affirmative Defense is related to Lokai's claims against Twin Tiger. Lokai asserts that Twin Tiger has infringed on its trade dress by selling confusing similar products and that Twin Tiger has engaged in unfair competition and false advertising by making false claims in their promotional efforts that their product contains "earth from below sea level" and "water from the mountains." In contrast, Twin Tiger's affirmative defense asserts the following conduct: (1) Lokai has failed to disclose that the water inserted in its bracelets evaporates over time; (2) Lokai has failed to disclose that it compensates various celebrities and influencers in exchange for their efforts to promote Lokai and its products; and (3) Lokai engaged in inequitable misconduct in obtaining a design patent. Regarding the first two, Twin Tiger has merely accused Lokai of false advertising and unfair trade practices on unrelated conduct. The third is completely unrelated to the claims by Lokai. Ultimately, none of the allegations in Twin Tiger's defense are the same type of conduct that Lokai has asserted in the complaint. *Compare Radiancy, Inc. v. Viatek Consumer Prods. Grp., Inc.*, 138 F. Supp. 3d 303, 318-19 (S.D.N.Y. 2014) (striking unclean hands defense to the extent it is based on a claim that is not the same as the conduct asserted in the Complaint); *Specialty Minerals*, 395 F. Supp. 2d at 112-13 (striking defendant's unclean hands affirmative defense where plaintiff alleged misconduct in defendant's acquisition and use of defendant's patent and the defense was based on plaintiff's misconduct with a *different*—plaintiff's own—patent) *with Stokely-Van Camp, Inc. v. Coca-Cola Co.*, 646 F. Supp. 2d 510, 533 (S.D.N.Y. 2009) (denying preliminary injunction on the basis of unclean hands where plaintiff accused its competitor-defendant of advertising the advantages of its sports drink when plaintiff was doing the same).

Therefore, in the absence of any question of fact or substantial question of law that might permit Twin Tiger to succeed on the defense, the first two prongs of the standard are met.

As for the prejudice prong, Lokai has not argued that the inclusion of the defense prejudices it. However, permitting the inclusion of the allegations in the defense would do so by needlessly expanding the scope and length of trial and motion practice. Accordingly, the third prong is met, and Twin Tiger's affirmative defense is struck.

## CONCLUSION

For the foregoing reasons, Plaintiff/Counter-Defendant's motion to dismiss the 1st, 3rd, 4th, 5th, 6th, 7th, 8th and 9th Counterclaims and motion to strike the second affirmative defense are both GRANTED.

**SO ORDERED.**

**Dated:** **February 6, 2018**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**